UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL D. CLUTTER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-310 |
| | § | |
| SONNY PERDUE, Secretary of Agriculture, U.S. Department of Agriculture, in his official capacity, *et al.*, | § § § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a Memorandum and Recommendation ("M&R") in which the Magistrate Judge recommends granting in part and denying in part a motion to dismiss filed by defendants Ann Coffey, Phyllis K. Fong, Sonny Perdue, Dax Robertson, Jeff Sessions, Christy Slamowitz, and Lane Timm, in their individual and official capacities (collectively, "Defendants") (Dkt. 26). Dkt. 30. Also pending before the court is a request for dismissal filed by plaintiff Michael D. Clutter. Dkt. 32. Defendants objected to Clutter's request for dismissal (Dkt. 31); Clutter did not file objections to the M&R. Having considered Clutter's request for dismissal, the M&R, relevant other documents in the record, and the applicable law, the court is of the opinion that the M&R should be ADOPTED IN FULL, and the request for dismissal should be GRANTED IN PART.

### I. BACKGROUND

The M&R fully details the factual background of this case, and the court hereby ADOPTS the background section of the M&R in full.

Additionally, however, since the court must also address Clutter's request for dismissal, the court takes note of this case's procedural posture. Clutter filed his original complaint on February

2, 2018. Dkt. 1. He served all defendants in February. Dkts. 4–11. On April 6, 2018, Defendants filed a joint answer. Dkt. 12. On July 26, 2018, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Dkt. 26. Clutter filed a response, and Defendants filed a reply. Dkts. 28, 29. The Magistrate Judge entered her M&R on January 28, 2019. Dkt. 30. Objections were due by February 11, 2019, and no party filed an objection. Clutter filed his request to dismiss his claims on February 7, 2019, and Defendants filed a response to that motion. Dkts. 31, 32, 33.

## II. LEGAL STANDARD

### A. Review of an M&R

For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For nondispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### B. Motion to Dismiss by Plaintiff

Under Federal Rule of Civil Procedure 41, a plaintiff may dismiss his or her claim without a court order in most circumstances if (1) all parties agree; or (2) the notice of dismissal is filed *before* the opposing files serves an answer or files a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). Unless the plaintiff has previously dismissed a case based on the same claim or it is otherwise stated, such a dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). However, if the

2

opposing party has already filed an answer or moved for summary judgment, a case may be dismissed "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

### III. ANALYSIS

Clutter requests that the court dismiss all of his claims without prejudice. Dkt. 32. Defendants filed a response in which they assert they are opposed to dismissal *without* prejudice of all the claims that the Magistrate Judge recommended be dismissed in the M&R. Dkt. 31. They are unopposed to dismissal without prejudice of the Privacy Act claim, which is the one claim that the Magistrate Judge did not recommend dismissing. *Id.*

Since Defendants have already filed an answer in this case, Clutter may not simply file a notice of dismissal and obtain dismissal without prejudice under Rule 41(a)(1)(A)(i). Rather, the court must determine if dismissal without prejudice is "proper" pursuant to Rule 41(a)(2). Certainly, with regard to the Privacy Act Claim, which the Magistrate Judge does not recommend dismissing and Defendants do not oppose non-prejudicial dismissal, non-prejudicial dismissal is proper. However, the court finds that it is not proper, at this stage of the litigation, to permit non-prejudicial dismissal of claims that are possibly subject to prejudicial dismissal under the analysis in the M&R. Therefore, the court finds it most appropriate to review the M&R in the normal course notwithstanding the request for dismissal so that it may determine if non-prejudicial dismissal is proper.

**A.  ADEA Claim**

The court therefore turns to the M&R. The Magistrate Judge first recommends dismissal of Clutter's Age Discrimination in Employment Act ("ADEA") claim for lack of subject matter

jurisdiction because Clutter failed to exhaust administrative remedies.[1] Dkt. 30. There are two different routes a plaintiff who was a federal employee may choose when pursuing an ADEA claim. *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5, 111, S. Ct. 1562 (1991). First, the employee may invoke the Equal Employment Opportunity Commission's ("EEOC") administrative process by completing the administrative process set forth in the regulations prior to initiating a lawsuit. *Id.* Second, the employee may sue directly in federal court, but the employee must first give the EEOC notice of the intent to sue within 180 days of the allegedly discriminatory act and then wait at least thirty days before filing the action. *Id.* Under either scenario, as noted by the Magistrate Judge, a federal employee must initiate contact with an EEO counselor within 45 days of the alleged discriminatory conduct. *See* 29 C.F.R. § 1614.105(a)(2). Clutter did not contact the EEO counselor within 45 days of giving notice of his retirement (the alleged "constructive discharge"). Instead, he contends there was a "'constructive discharge' work environment," which was a "continuing violation." *See* Dkt. 1. Clutter filed an informal complaint about this environment with the EEO Counselor in December 2016 followed by a formal EEO complaint in March 2017 and a formal EEOC charge of discrimination in August 2017, but he withdrew his EEOC complaint to pursue this action. *See* Dkt. 30 (background section).

In the Fifth Circuit, the claimant is required to exhaust administrative remedies before filing a federal lawsuit if he or she initiates the administrative process. *See Moore v. Potter*, 716 F. Supp. 2d 524, 531–32 & n.3 (S.D. Tex. 2008) (Ellison, J.) (citing cases from other circuits, a noted circuit split, a Supreme Court opinion addressing the circuit split but not deciding the issue, and a Fifth Circuit unpublished decision dismissing a case for failing to exhaust administrative remedies). Here,

---

[1] Defendants asserted that Clutter failed to exhaust administrative remedies as an affirmative defense in their answer. Dkt. 12 at 15.

to the extent that the "constructive discharge" is a "continuing violation" of the claims that were part of Clutter's EEOC complaint, Clutter failed to complete the administrative process. And, as the Magistrate Judge noted, there was no complaint filed after the constructive discharge. So, to the extent each alleged action is discrete and this claim is based on the alleged constructive discharge, Clutter failed to seek informal EEO counseling, a requirement he knew about, within 45 days of giving notice of his retirement. The court finds that there is no clear error in the Magistrate Judge's conclusion that Clutter did not exhaust his administrative remedies prior to filing suit.

**B.    First Amendment Retaliation Claim**

The next claim the Magistrate Judge recommends dismissing is Clutter's First Amendment retaliation claim. Dkt. 30 at 18–21. The Magistrate Judge recommends dismissing this claim for failure to state a claim upon which relief can be granted because Constitutional claims against federal officials must be brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and *Bivens* does not cover First Amendment violations. Dkt. 30 at 19.[2] The court agrees with the Magistrate Judge's analysis and conclusion that there is no *Bivens* action for an alleged First Amendment violation by federal government officials. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68, 122 S. Ct. 515 (2001) (outlining the contours of the Court's *Bivens* jurisprudence, and citing *Bush v. Lucas*, 462 U.S. 367, 378 n.14, 103 S. Ct. 2404 (1983), for the proposition that the Court declined "to create a *Bivens* remedy against individual Government officials for a First Amendment violation arising in the context of federal employment"). Because there is no *Bivens* cause of action for First Amendment retaliation, this claim must be dismissed with prejudice.

---

[2] Defendants asserted failure to state a claim as an affirmative defense in their answer. Dkt. 12 at 15.

### C. FMLA Claim

The only other claim the M&R recommends dismissing is Clutter's Family Medical Leave Act ("FMLA") claim. Dkt. 30. In the M&R, the Magistrate Judge notes that Defendants requested dismissal of the FMLA claim because federal employees with more than twelve month of service do not have a private right of action under the FMLA. *Id.*; *see Carlson v. White*, 133 F. App'x 144, 144–45 (5th Cir. 2005) (per curiam) ("Federal employees with more than twelve month of service do not have a private right of action for FMLA violations." (citing 5 U.S.C. §§ 6381–87)). Clutter apparently agreed, requesting dismissal of this claim in his response to the motion. *See* Dkt. 18 ("Plaintiff requests, upon the Court's discretion, to dismiss Count II of the Complaint."). The Magistrate Judge therefore recommends dismissal of this claim, and the court agrees dismissal is warranted. Further, since this defect cannot be remedied, dismissal with prejudice is appropriate.

Because there is no way to amend Clutter's complaint to remedy the issues with his ADEA claim, First Amendment retaliation claim, and FMLA claim, the court finds that it would not be proper under Rule 41 to dismiss these claims without prejudice.

## IV. Conclusion

The M&R is ADOPTED IN FULL.

Clutter's request for dismissal is GRANTED IN PART, as follows:

Clutter's ADEA, FMLA, and First Amendment retaliation claims are DISMISSED WITH PREJUDICE.

Clutter's remaining claim or claims are DISMISSED WITHOUT PREJUDICE.

The court will issue a final judgment concurrently with this memorandum opinion and order.

Signed at Houston, Texas on February 14, 2019.

Gray H. Miller
Senior United States District Judge